IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

3:19 pm, 12/7/09

Tim J. Ellis
Clerk of Court

In re                              )
                                   )
        JULIE MONSON               )        Case No.  09-20487
                                   )        Chapter 13
                Debtor.            )

## OPINION CONFIRMING DEBTOR'S AMENDED CHAPTER 13 PLAN

On November 24, 2009, this matter came before the Court for an evidentiary

hearing on the confirmation of the Debtor's Amended Chapter 13 plan dated July 28,

2009 ("Plan") and the objection filed by Yellow Creek Ranch Company ("Yellow

Creek"). The Debtor was represented by George Arnold. Yellow Creek was represented

by Stephen Winship. Upon review of the file, including memoranda of law filed by the

parties, stipulated facts and evidence, and the arguments of the parties, the Court is

prepared to rule.

**Facts**

Debtor proposes in her plan, under Class 4, to cure the default to Yellow Creek.

Specifically, the Debtor proposes that Yellow Creek's arrearage of $16,392.48 would be

paid over a term of 57 months at the interest rate of 5.25%. The collateral for the debt is

a 1982 Champion Mobile Home and Lot 4, Blk, 2 in the Ranch at Evanston ("Property").

The parties stipulated to the following facts and evidence:

(1)     The Property is the Debtor's principal residence.

Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

(2)     As of the date that the bankruptcy petition was filed, Debtor owed Yellow

Creek the amount of $16,392.48.

(3)     As of the date of the petition, based upon the Uinta County Assessor's

valuation, the Property had a value of $32,650.

(4)     The mortgage was entered into evidence, upon stipulation by the parties.

(5)     The following terms as they appear in the mortgage, are:

(1)     Principal: $20,500

(2)     Term: 84 months

(3)     Interest rate: 8%

(4)     Maturity date: April, 2006.

(6)     The Debtor's signature appears on the mortgage.

(7)     The Prime Interest Rate as of the date of the petition was 3.25%, according

to the Wall Street Journal.

(8)     Yellow Creek file a Proof of Claim in the amount of $16,394.48, as a

secured claim.

Yellow Creek objects to confirmation of the Debtor's plan, alleging: (1)  that the

plan seeks to modify Yellow Creek's rights to the real property and improvements in

violation of §1322(b)(2); (2) the applicable interest rate is the rate designated in the

mortgage; and, (3) Yellow Creek has not been offered adequate protection under the

Bankruptcy Code.  Debtor's responses are: (1) the Debtor may cure a default without it

constituting an impermissible modification; (2) the applicable interest rate is the "Till"

rate; and, (3) Yellow Creek is adequately protected by the equity of $16,257.52 in the

Property.

**Discussion**

(1)    <u>Curing a default or modifying a mortgage</u>.

Debtor relies on §1322(c) to cure the default to Yellow Creek, which states:

> "Notwithstanding subsection (b)(2) and applicable non-bankruptcy
> law –
>     (1) a default with respect to, or that gave rise to, a lien on the
> debtor's principal residence may be cured under paragraph (3) or (5) of
> subsection (b) until such residence is sold at a foreclosure sale that is
> conducted in accordance with applicable nonbankruptcy law; and
>     (2) in a case in which the last payment on the original payment
> schedule for a claim secured only by a security interest in real property that
> in the debtor's principal residence is due before the date on which the final
> payment under the plan is due, the plan may provide for the payment of the
> claim as modified pursuant to section 1325(a)(5) of this title."

Subsection (b)(3) and (b)(5) state:

> "Subject to subsection (a) and (c) of this section...
>     (3)    the plan may provide for the curing or waiving or any default;
>     (5)    notwithstanding paragraph (2) of this subsection, provide for
>            the curing of any default within a reasonable time and
>            maintenance of payments while the case is pending on any
>            unsecured claim or secured claim on which the last payment is
>            due after the date on which the final payment under the plan is
>            due."

Yellow Creek argues that the Debtors' proposed plan modifies the mortgage in

violation of §1322(b)(2), which states, in part:

> "Subjection to subsections (a) and (c) of this section, the plan may–
>     (2) modify the rights of holders of secured claims, other than a claim
> secured only by a security interest in real property that is the debtor's
> principal residence..."

One of the important reasons that debtors file a Chapter 13 bankruptcy is to avoid the loss of their homes in a threatened foreclosure of a long term mortgage.[1] Almost always these debts are in arrears and debtors wish to save their homes. Section 1322 provides for curing of defaults and §1322(b)(5) addresses a debtor in default on a mortgage. Mortgagees opposing confirmation of these plan argue, as in this case, that the prohibition on the modification of mortgages on the debtor's principal residence under §1322(b)(2) is violated by the proposal to deaccelerate the mortgage and pay the arrearage in the plan. This argument has been rejected universally.[2]

Section 1322(b)(5) begins with the phrase "notwithstanding paragraph (2) of subsection." Additionally, §1322(c) begins with the phrase "Notwithstanding subsection (b)(2)..." referencing the same subsection. It is apparent from the plain reading of the Bankruptcy Code that the limiting language of subsection §1322(b)(2) does not disallow the cure of the default of a debtor's residence. This section of the code safeguards a debtor's right in a chapter 13 case to cure a home mortgage default. The Tenth Circuit has long-standing law that states that 1322(b)(3) and (5) permit the plan to cure an default.[3] If a residential mortgage is in default triggering contractual acceleration of the mortgage debt, a chapter 13 plan to "de-accelerate" by paying the amount of the original

---

[1] 2 David G. Epstein, Steve H. Nickles & James J. White, *Bankruptcy Practitioner Treatise Series* § 9-17. (1992).

[2] *Supra* at 665.

[3] *Jim Walter Homes, Inc., v. Spears*, 894 F.2d 1227 (10th Cir. 1990).

default rather than the entire accelerated debt, is a permissible cure, not a prohibited modification.

In this case, Yellow Creek's claim is secured by a security interest in the Property that is Debtor's principal residence.  The debtor is in default.  The default is cured under the proposed plan.  The last payment on the original payment schedule was due before the date on which the final payment under the plan is dues, i.e. the last payment on the original payment schedule as April 2007, whereas the final payment to cure through the plan is in the 57th month of the plan.  The proposed plan is a permissible cure for the default to Yellow Creek.

2)      Applicable interest rate.

The appropriate interest rate to be applied to installment payments under a Chapter 13 plan is the national prime rate, as adjusted to reflect the specific risks associated with the debtors.  The formula approach is a straight forward and objective inquiry, and depends only on the state of the financial markets, the circumstances of the bankruptcy estate, and the characteristics of the loan, rather than the creditor's prior interactions with the debtor.  The proper applicable interest rate is prime plus two percent, as stated in the amended plan at 5.25%.

(3)      Adequate protection.

Yellow Creek alleges that the creditor has not been offered adequate protection by the plan under §1326(a)(1)(A) & (C), which state, as relevant:

Unless the court orders otherwise the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the

order for relief, whichever is earlier, in the amount–

(A)    proposed by the plan to the trustee;

(C)    "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of filing of the plan or the order for relief, whichever is earlier, in the amount...that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments...by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment."

No evidence was presented to the Court that the Debtor has not been making her plan payments in violation of (A).  It is well established that the definition of personal property is "any movable or intangible thing that is subject to ownership and not classified as real property.[4]  As the Property involved in this case is real property, paragraph (C) does not apply to this case.

In accordance with the Court's holdings above the Court shall enter a judgment by separate order.

DATED this 7th day of December, 2009.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

_____

[4]**Blacks Law Dictionary  1233 (7th ed.  1999).**